UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GEORGE VARDUASHVILI (A-067-291-944),

Petitioner,

v.

CHRISTOPHER J. LAROSE, Senior Warden, et al.,

Respondents.

Case No. 1:26-cv-02167 TLN-CSK

FINDINGS AND RECOMMENDATIONS

Petitioner George Varduashvili (A-067-291-944), a noncitizen, filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his February 2025 detention by U.S. Immigration and Customs Enforcement ("ICE"). (ECF No. 1.) Petitioner argues that his detention violates his due process rights. (See id.) On April 7, 2026, the district court granted petitioner's motion for a temporary restraining order and ordered petitioner released. (ECF No. 8.) For the following reasons, this Court recommends that the petition be granted.

## I. LEGAL STANDARDS

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in

custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001). Generally, noncitizens are subject to civil immigration detention only if the noncitizen presents a risk of flight or danger to the community. See Zadvydas, 533 U.S. at 690 (holding that 8 U.S.C. § 1231(a)(6) does not authorize indefinite detention).

## II. DISCUSSION[1]

On March 19, 2026, petitioner filed a habeas petition and a motion for a temporary restraining order. (ECF Nos. 1, 2.) On March 20, 2026, the district court directed respondents to file a response to the motion. (ECF No. 4.) On March 24, 2026, respondents filed an opposition to the motion for a temporary restraining order and indicated they do not oppose converting the motion into a motion for a preliminary injunction. (ECF No. 7.) In the opposition, respondents argued that petitioner is subject to a December 5, 2025 final removal order and therefore, detained under 8 U.S.C. §1231(a)(6). (Id.)

On April 6, 2026, the district court granted petitioner's motion for a temporary restraining order and ordered petitioner's immediate release on the same terms as his pre-detention release. (ECF No. 8.) The district court found that petitioner entered the United States in May 2022, lived in the United States for over three years at the time of his detention in February 2025, was detained without an individualized custody determination or bond hearing, and had been detained for fourteen months at the time of the district judge's order. (See id.) The district court held that petitioner was likely to succeed on the merits of his due process claim because respondents were required to provide notice and a pre-deprivation hearing before detaining petitioner in February

[1] The factual and procedural background previously presented in the district judge's order is incorporated herein. (See ECF No. 8.)

2025. (See id.) In addition to granting petitioner's immediate release, the district court further ordered that "Respondents shall not impose any additional restrictions on him, unless such restrictions are determined to be necessary at a future pre-deprivation/custody hearing." (See id. at 6.) The district court enjoined and restrained respondents "from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, including seven-days' notice and a pre-deprivation hearing before a neutral fact-finder where: (a) Respondents show material changed circumstances demonstrate a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) Respondents demonstrate by clear and convincing evidence that Petitioner poses a danger to the community or a flight risk. At any such hearing, Petitioner shall be allowed to have counsel present." (See id.) The district court referred this action to the assigned magistrate judge for further proceedings. (Id.) Petitioner was released from ICE custody on April 8, 2026. (ECF No. 12.)

The Court provided the parties with an opportunity to submit additional briefing to decide the merits of the underlying petition. (See ECF No. 11.) The parties did not submit any additional briefing, and briefing is completed. (See Docket.)

Where the record before the district court has not changed since the district court's ruling on the motion for a temporary restraining order, the Court does not find a basis to depart from the district court's prior findings and recommends granting the petition for writ of habeas corpus based on a finding that respondents violated petitioner's Fifth Amendment procedural due process rights by detaining him without a pre-deprivation hearing where petitioner lived in the United States for over three years at the time of his February 2025 detention, was detained without an individualized custody determination or bond hearing, and had been detained for fourteen months at the time of the district judge's order. (See ECF No. 8.)

## III. CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (ECF No. 1) be GRANTED.

2. A permanent injunction be issued enjoining and restraining respondents from re-detaining petitioner George Varduashvili (A-067-291-944) unless the government demonstrates,

by clear and convincing evidence at a pre-deprivation, constitutionally adequate bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that petitioner's physical custody is legally justified. Petitioner shall be allowed to have his counsel present at any such hearing. This injunction does not address other circumstances where detention authority is established (e.g., 8 U.S.C. § 1226(c) or 8 U.S.C. § 1231).

3. The Clerk of Court be directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven** days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 29, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

csk/vard.2167.26.frs